FILED

MAR 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>BEN CURRY, J. CHUDY,<br><br>    Defendants. | No. C 08-0658 MJJ (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE ANSWER**<br><br>**(Docket No. 7)** |

Plaintiff, a California prisoner proceeding pro se and incarcerated at the Correctional Training Facility ("CTF"), in Soledad, California, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants have been deliberately indifferent to his serious medical needs. Plaintiff alleges that he suffers from Hepatitis C, sciatica and rectal bleeding, and that defendants, the Warden and Chief Medical Officer at CTF, have failed to provide him adequate treatment, including failing to perform a liver biopsy.

### DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

G:\PRO-SE\MJJ\CR.08\gonzalez.srv.wpd

1  be granted or seek monetary relief from a defendant who is immune from such relief. See id.
2  § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.
3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.
4  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
5  Constitution or laws of the United States was violated, and (2) that the alleged violation was
6  committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
7  48 (1988).

8  When liberally construed, plaintiff's complaint and the attachments thereto state a
9  cognizable claim that defendants were deliberately indifferent to his serious medical needs,
10 in violation of his Eighth Amendment rights.

## CONCLUSION

12 For the reasons stated above, the Court orders as follows:

13 1. The Clerk of the Court shall issue summons and the United States Marshal
14 shall serve, without prepayment of fees, a copy of the complaint in this matter, all
15 attachments thereto, and a copy of this order upon **Warden Ben Curry and Chief Medical**
16 **Officer Dr. J. Chudy** at **the Correctional Training Facility** in **Soledad, California**. The
17 Clerk shall also mail courtesy copies of the complaint and this order to the California
18 Attorney General's Office.

19 2. The court has established a Pro Se Prisoner Mediation Program under which
20 prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The
21 Court finds the instant matter suitable for mediation proceedings following service of the
22 summons and complaint on defendants. Accordingly, **defendants shall file an answer**
23 within **sixty days** of the date this order is filed, at which time the Court will refer the instant
24 action for mediation under the Pro Se Prisoner Mediation Program.

25 3. All communications by the plaintiff with the Court must be served on
26 defendants, or defendants' counsel once counsel has been designated, by mailing a true copy
27 of the document to defendants or defendants' counsel.

28 4. Discovery may be taken in accordance with the Federal Rules of Civil

G:\PRO-SE\MJJ\CR.08\gonzalez.srv.wpd         2

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, although reasonable extensions will be granted. Moreover, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made such motion. Rather, the party making the motion must meet the deadlines set by the court unless and until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

7. Plaintiff's motion for appointment of counsel is DENIED which motion is denied for want of exceptional circumstances. See 28 U.S.C. § 1915(e)(1). The Court will reconsider this request sua sponte should circumstances necessitate the appointment of counsel, for example if a trial is necessary.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: 3/31/2008

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO GONZALEZ,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.
_____/

Case Number: CV08-00658 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alejandro Gonzalez C-47744
CTF
Ca. State Prison-Los Angeles County
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk